# SALTER v. CAIN.

1. When an administrator is removed from office, he cannot regularly sue out execution in his own name upon a judgment recovered by him as administrator.
2. If an administrator, after removal from the administration, collects money recovered by him as administrator, it is money had and received to the use of the administrator *de bonis non*, who may sue the former administrator in assumpsit.

Writ of error to the Circuit Court of Lowndes.

Assumpsit, by Salter, as the administrator *de bonis non* of one Speight, against Cain, for money had and received.

At the trial, it was shown that the defendant had been an administrator of the same estate now represented by the plaintiff, and, as such, had recovered a judgment against one of the debtors of that estate ; that subsequently, he was discharged from the administration, and the plaintiff was appointed administrator *de bonis non* after the defendant's discharge ; and after the plaintiff's appointment, the former received the sum sued for in this action, on the judgment recovered in his name.   On this proof, the Court charged the jury, that the plaintiff was not entitled to recover, as the defendant was only liable on his administration bond, or in Chancery.

It was a part of the proof, that the defendant exhibited an account to the proper Court previous to his discharge, by which he was indebted to the estate, in the sum of $200 28, for which a decree was rendered in favor of the plaintiff, in right of his wife, as the widow of the intestate.

The plaintiff excepted to this charge, and now assigns it as error.

T. S. Judge, for the plaintiff in error, cited Clay's Digest 221, § 4.

A. B. Forney, contra, insisted—

1. That debts due to an intestate are required to be inventoried, and therefore the defendant was liable on his settlement

with the proper Court, and if no exceptions were taken there to his accounts, the plaintiff is not entitled to sue anywhere.

2. Under no circumstances can an administrator *de bonis non* maintain assumpsit against a former administrator; nor any suit whatever, without a decree of the Orphans' or Chancery Court, ascertaining a balance in his hands.   [2 Lomax on Ex. 307, 312, 213, 214, 527; Tappan v. Cain, 12 John. 120; People v. Barnes, 12 Wend. 442; Dawes v. Boylton, 9 Mass. 337; Selectmen of Boston v. Boylston, 4 Ib. 318; Stone v. Stone, 6 Ib. 390; Moore v. Walter's heirs, 1 Mar. 488; Ordinary v. Williams, 1 N. & McC. 587; Ordinary v. Brown, 2 Ib. 213; Coleman v. McMurdo, 6 Rand 51; 2 Stewart, 466; 2 S. & P. 70; 3 Ib. 203, 348; 5 Ib. 157; 2 Porter, 328, 580; 7 Ib. 272; 8 Ib. 344; 3 Ala. Rep. N. S. 674.]

GOLDTHWAITE, J.—There is no question now as to the general principle, on which the defendant so strongly relies, and to which he cites so many authorities, but that is not involved in the present case.   An administrator is certainly not responsible, except in the manner pointed out by statute, [Clay's Digest,] to a subsequent administrator, for moneys which have been collected by him, *virtute officii*.   But the case is widely different, when, after his discharge, or after the revocation of his authority, either directly, by its abrogation, or by the appointment of another in his stead, he intermeddles with the affairs of the estate, and under pretence of the authority which has been revoked, he collects moneys which are due the estate.   The reduction of the demand against the debtor of the estate to judgment, did not change the nature of the debt, so as to invest the defendant with an individual right to it.   The debt itself remained an asset of the estate, and after the defendant's discharge from the administration, he could not legally control the execution.   This is very fully shown by the case of Turner v. Davies, 2 Saund. 137.   There, Davies, as the administrator of one Spicer, had sued Turner in trover, and recovered judgment.   Afterwards, his grant of administration was revoked, and the administration committed to one John Spicer.   Davies, after this revocation, sued out execution, and Turner brought *audita querela*, and had judgment to quash it, on the ground that Davies' authority was gone.   Whether, at

common law, an administrator *de bonis non* could have the benefit of a judgment obtained by a previous administrator, is not necessary to be examined, as we have a statute upon the subject.

2. By that, it is provided, that when any suit may have been commenced on behalf of, or against the personal representatives of any testator, or intestate, the same may be prosecuted by, or against, any person, &c. who may afterwards succeed to the administration, &c., such person, or persons may, at any time, be made parties, on motion, and the cause shall proceed in the same manner, and judgment thereon be, in all respects, as effectual as if the same were prosecuted by, or against, the parties originally named. When any personal representative, or guardian, shall be displaced, all moneys due to him or her, in such right, by execution or otherwise, shall be paid to his or her successor. [Clay's Dig. 227, § 30.] It is scarcely possible that language can be more full or explicit, to transfer all rights, whether in suits pending, or to judgments recovered, to a succeeding administrator. When, therefore, after his removal, the defendant received this money, it was an unlawful act, and the right to receive it being vested, by the grant of administration *de bonis non*, in the plaintiff, it was so much received to his use.

Upon this view the error of the charge is apparent. Judgment reversed and cause remanded.